BRIAN J. STRETCH (CABN 163973)
United States Attorney

PHILIP GUENTERT (CABN 147374)
Acting Chief, Criminal Division

CHRISTINA McCALL (CABN 234139)
Assistant United States Attorney
    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Facsimile:  (510) 637-3724
    E-mail:     Christina.McCall@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 05-0618 YGR |
| Plaintiff, | [~~PROPOSED~~] **ORDER OF DETENTION** |
| v. | |
| LLOYD HARRIS, | |
| Defendant. | |

    The parties appeared before the Honorable Kandis A. Westmore on August 3, 2016 for a detention hearing on a supervised release violation petition, following the arrest of defendant, Lloyd Harris.  At the hearing, the government moved to detain Harris, arguing that Harris could not meet his burden of demonstrating by clear and convincing evidence that he is not a risk of non-appearance or a danger to another person.  Both parties proffered information for the Court to consider in reaching a decision on the detention motion.  The United States Probation Officer also recommended that Harris be detained, due to the danger he poses to others, and based upon Harris' long history of violating the conditions of his supervised release.

    Harris opposed the detention motion and asked to be released from custody.  Harris argued that the two bonds that a bail bond agent posted on his behalf in Contra Costa County and Solano County,

[PROPOSED] DETENTION ORDER
CR 05-0618 YGR

which collectively totaled almost a million dollars (the defense proffered that the larger bond was secured by property that Harris's family owns), would provide a strong incentive to comply with rules imposed by this Court, and should mitigate any danger of criminal conduct while awaiting trial in the state court matters.  Those state court cases appear to relate to more than one count of felony evasion of law enforcement officers, and more than one count of assault with a deadly weapon, arising out of separate arrests.  Harris's attorney argued that he was facing potentially a very large sentence in at least one of the state court cases, which would also provide an incentive not to commit crimes while awaiting trial in those cases.  Harris expressed an interest in enrolling in a Delancey Street program, which he believes will ultimately help him in his pending criminal cases in Contra Costa and Solano Counties.

In the supervised release revocation context, the burden is on the defendant seeking release to "establish[] by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community.  Federal Rule of Criminal Procedure 32.1(a)(6).  *See also* 18 U.S.C. § 3143(a); Federal Rule of Criminal Procedure 46(c) and (d); United States v. Loya, 23 F.3d 1529 (9th Cir. 1994).

Upon consideration of the parties' proffers and information provided by the United States Probation Officer, as well as Court records in the case against Harris, the Court finds that Harris has not met his burden to provide clear and convincing evidence that he is not a flight risk or that he does not pose a danger to any other person or the community.  The Court therefore orders Harris detained, but the detention decision is made without prejudice.  If Harris is able to suggest conditions that could mitigate the danger that he poses to the community, he may re-raise the detention issue with the Court.

In considering the Court's record and the information presented at the hearing, the Court finds that Harris did not meet his burden to provide clear and convincing evidence that he is not a flight risk or a danger at this time because: (1) this petition alleges that Harris drove through residential areas reaching speeds of approximately 80 to 90 miles per hour and narrowly avoided colliding with other vehicles by veering into oncoming traffic and fled on foot when he was eventually cornered by multiple pursuing police officers and engaged in a physical altercation with uniformed officers; (2) this petition alleges that Harris failed to report his arrest for being under the influence of methamphetamine to his probation officer; (3) this petition alleges that Harris walked away from a drug treatment facility the

same day he arrived, in violation of the condition that he complete a state drug program; (4) Harris had many prior petitions to revoke or modify supervised release dating back to 2005, alleging a variety of violations from failing to follow instructions to multiple new criminal violations to leaving the district without permission to failing to report a change in residence; (5) Harris has been in state pre-trial custody for the past three years and was arrested for "prisoner possessing a weapon" while in jail, although that charge appears to have been not pursued or dismissed and Harris proffers that it related to a rolled-up magazine; and (6) Harris's criminal convictions include: assault with a deadly weapon (misdemeanor) in 1996; grand theft from a person (felony) in 1997; receiving stolen property (felony) and prohibited person owning / possessing ammunition (felony) in 1998; reckless driving (misdemeanor) in 2001; driving under the influence of alcohol (misdemeanor) in 2004; and multiple felony convictions for what appear to be attempted carjacking and felony hit and run and felony evasion of a peace officer in 2011.

The defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility. The defendant must be afforded reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: 8/5/16

*Kandis Westmore*
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
CR 05-0618 YGR